UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALICE WILLIAMS, ) | |
| ) | Cause No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SONNY PURDUE, SECRETARY ) | JURY TRIAL DEMANDED |
| OF AGRICULTURE ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Alice Williams and for her Complaint against Defendant Sonny Purdue, Secretary of Agriculture, states as follows:

1. Plaintiff Alice Williams brings the Complaint herein against Defendant Purdue for race, age, and gender discrimination in the form of disparate treatment in promotion to Account positions and reprisal discrimination in her mid-year performance evaluation.

2. Jurisdiction in this Court over this Complaint is based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., specifically 42 U.S.C. Sections 2000e-3(a), 2000e-5(f)(3), 2000e-5(g), 2000e-16(c).

3. Venue is proper pursuant to 42 U.S.C. Section 2000e-5(f)(3), as all of the unlawful employment actions occurred in the City of St. Louis, Missouri, within the jurisdiction of this Court.

4. Plaintiff is a black African-American, 54-year old female resident of the State of Missouri, and is employed by Defendant Purdue at the Department of Agriculture's facility in

the City of St. Louis, Missouri, within the territorial jurisdiction of this Court.

5. Defendant Purdue, who is being sued in his official capacity, is the Secretary of the United States Department of Agriculture, an executive agency of the United States Government within the meaning of 42 U.S.C. 2000e-16(a).

6. Defendant Purdue at all times relevant herein was acting by and through his agents, servants, and employees, all of whom were acting within the scope and course of their employment and with full knowledge and control of the Defendant Purdue.

7. Defendant Purdue (through the Department of Agriculture) is an employer within the meaning of the Civil Rights Act of 1964, 42 U.S.C. 2000e, in that Defendant Purdue is, and was, at all times pertinent to this cause of action herein, the Secretary of an executive agency of the United States of America, employing more than three hundred fifty (350) persons.

8. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9. Plaintiff has been employed by the Defendant Purdue as an Accounting Technician, GS-0525-7-10, for the Department of Agriculture at its Rural Development section at 4300 Goodfellow Boulevard, St. Louis, MO, and has been employed in said position for more than ten (10) years. She has been employed by Defendant Purdue since 1997.

### COUNT I – DISCRIMINATION IN PROMOTION – VACANCY ANNOUNCEMENT NUMBER STLHR-2012-008

10. Plaintiff repeats and realleges the statements made in Paragraphs 1 through 9 of her Complaint herein.

11. In 2015, Plaintiff applied for a position as a Pathways Recent Graduates

(Accountant) position, GS-0510-07/09 in response to Vacancy Announcement Number STLHR-2015-0829.

12.     Plaintiff met all of the educational and experiential qualifications required in the Vacancy Announcement, and was previously told, per documentation, that she possessed the educational qualifications by management officials of Defendant. Because of this, Plaintiff met the basic qualifications necessary to be considered for the position, under an Applicant Referral Certificate list, and received an interview for the position.

13.     Despite having all of the basic qualifications required for the position, on or about June 18, 2015, Defendant informed Plaintiff that she was not selected for the position, and in fact had not been placed on the Applicant Referral Certificate list, allegedly because she did not have the educational qualifications for the position.

14.     Defendant discriminated against Plaintiff in that Defendant denied Plaintiff the position at least in part because of her race (black), color (black), age (53 years old at the time) and/or gender (female), in that all of those chosen were of a different race, color, age and/or sex in that, among other things:

   a.     There have been no African-Americans hired or promoted to an Accountant Position for the more than ten (10) years that she was employed as an Account Technician in the Division in which she was employed.

   b.     All or most of the Accountants employed by Defendant in Rural Development were younger than she was and/or had less experience than she had.

   c.     At least one of the persons hired for the position was a male and/or Caucasian.

15. Defendant Purdue, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. discriminated against Plaintiff on the basis of her race and color (black), gender (female), and age (53) by failing to promote her to the Accountant position GS-0510-07/09, under Vacancy Announcement Number STLHR-2015-0829.

16. As a direct result of Defendant Purdue's discriminatory conduct, Plaintiff has lost and will continue to lose wages, benefits, and other fringe and financial benefits available under the Accountant position, in that at least the wage or salary rate for the Accountant position is greater than that received by Plaintiff in the Accountant Technician position

17. As a direct result of Defendant Purdue's discriminatory actions, Plaintiff has suffered pain, emotional distress and loss of enjoyment of life.

18. Defendant Purdue's conduct was deliberate, intentional and shows an evil motive or reckless or callous indifference to Plaintiff's rights to employment without gender discrimination and warrants an award of punitive damages in such sum as will serve to punish Defendant purdue and deter Defendant Purdue and others from like conduct in the future.

19. Defendant Purdue's conduct has caused Plaintiff to incur attorney's fees and the costs of this litigation.

20. Plaintiff demands trial by jury on Count I herein.

### COUNT II – DISCRIMINATION IN PROMOTION – VACANCY ANNOUNCEMENT NUMBER STLHR-2015-0829

21. Plaintiff repeats and realleges the statements made in Paragraphs 1 through 9 of her Complaint herein.

22. In 2015, Plaintiff applied for a position as a Pathways Recent Graduates

(Accountant), GS-0510-07/09 in response to Vacancy Announcement Number STLHR-2015-0829.

23.     Plaintiff met all of the educational and experiential qualifications required in the Vacancy Announcement, and was previously told, per documentation, that she possessed the educational qualifications by management officials of Defendant.  Because of this, Plaintiff met the basic qualifications necessary to be considered for the position, under an Applicant Referral Certificate list, and receive an interview for the position.

24.     Despite having all of the basic qualifications required for the position, on or about June 18, 2015, Defendant informed Plaintiff that she was not selected for the position, and in fact had not been placed on the Applicant Referral Certificate list, allegedly because she did not have the educational qualifications for the position.

25.     Defendant discriminated against Plaintiff in that Defendant denied Plaintiff the position at least in part because of her race (black), color (black), age (53 years old at the time) and/or gender (female), in that all of those chosen were of a different race, color, age and/or sex in that, among other things:

   a.   There have been no African-Americans hired or promoted to an Accountant position for at least the ten (10) years that she was employed as an Account Technician in the Division in which she was employed.

   b.   All of the Accountants employed by Defendant in Rural Development were younger than she was.

   c.   At least one of the persons hired for the position was a male and/or Caucasian.

26. Defendant Purdue, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. discriminated against Plaintiff on the basis of her race and color (black), gender (female), and age (53) by failing to promote her in to the Accountant position GS-0510-07/09, under Vacancy Announcement Number STL-2015-0829.

27. As a direct result of Defendant Purdue's discriminatory conduct, Plaintiff has lost and will continue to lose wages, benefits, and other fringe and financial benefits available under the Accountant position, in that at least the wage or salary rate for the Accountant position is greater than that received by Plaintiff in the Accountant Technician position.

28. Plaintiff has been forced to leave the agency, and has been promoted within six (6) months of her obtaining a position at her new position.

29. As a direct result of Defendant Purdue's discriminatory actions, Plaintiff has suffered pain, emotional distress and loss of enjoyment of life.

30. Defendant Purdue's conduct was deliberate, intentional and shows an evil motive or reckless or callous indifference to Plaintiff's rights to employment without gender discrimination and warrants an award of punitive damages in such sum as will serve to punish Defendant Purdue and deter Defendant Purdue and others from like conduct in the future.

31. Defendant Purdue's conduct has caused Plaintiff to incur attorney's fees and the costs of this litigation.

32. Plaintiff demands trial by jury on Count II herein.

### COUNT III – REPRISAL DISCRIMINATION

33. On April 25, 2013, during a mid-year evaluation of her performance in her Account Technician position, Plaintiff's supervisors informed her that they had received a

complaint about what were described as "inappropriate conversations and e-mails" that she allegedly sent to Defendant's field employees.

34. Plaintiff's supervisors were called into a meeting with the field employees concerning the conversations and e-mails, but Plaintiff was improperly not permitted to speak on her behalf to deny that she had sent engaged in inappropriate conversations or e-mails.

35. Despite Plaintiff's denials and the refusal of her supervisors to permit to speak on her behalf at the meeting, Plaintiff's supervisors improperly referred to the conversations on Plaintiff's mid-year performance evaluation.

36. By taking the foregoing actions Defendant discriminated against Plaintiff because of her race, black, and retaliated against Plaintiff for protesting, opposing and filing a complaint against Defendant's prior discrimination against her.

37. As a direct result of Defendant Purdue's discriminatory conduct, Plaintiff has lost and will continue to lose wages, benefits, and other fringe and financial benefits available under the position, in that she received a negative notation on her mid-year and annual performance evaluations.

38. As a direct result of Defendant Purdue's discriminatory actions, Plaintiff has suffered pain, emotional distress and loss of enjoyment of life.

39. Defendant Purdue's conduct was deliberate, intentional and shows an evil motive or reckless or callous indifference to Plaintiff's rights to employment without gender discrimination and warrants an award of punitive damages in such sum as will serve to punish Defendant Purdue and deter Defendant Purdue and others from like conduct in the future.

40. Defendant Purdue's conduct has caused Plaintiff to incur attorney's fees and the

costs of this litigation.

41. Plaintiff demands trial by jury on Count III herein.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor, as follows:

1. A judgment stating that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.;

2. Awarding Plaintiff an Accountant position commensurate to one of those for which she applied;

3. Awarding Plaintiff compensatory damages consisting of all the earnings, back wages, and fringe benefits Plaintiff would have received but for the discriminatory actions of Defendants;

4. Awarding Plaintiff compensatory damages consisting of future pecuniary losses and damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, because of Defendant's unlawful actions;

5. Awarding Plaintiff punitive damages;

6. Removing all reference to inappropriate conversations and e-mail communications with field employees and re-evaluation of her performance;

7. Awarding Plaintiff her reasonable attorney's fees and costs herein; and

8. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues herein that are triable.

Respectfully submitted,

By: *Alice F. Williams*

Alice F. Williams
11309 Stonymont Drive
St. Louis, MO 63136
Phone 314-609-3987