UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALICE WILLIAMS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-01531-JAR |
| | ) |
| SONNY PURDUE, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM & ORDER**

This matter comes before the Court on Defendant Sonny Purdue's motion to strike certain portions of Plaintiff's first amended complaint. (Doc. No. 18). Plaintiff opposes the motion. For the reasons set forth below, the motion will be denied.

### **BACKGROUND**

Plaintiff filed this action pro se on May 17, 2017, alleging discrimination on the basis of age and race, as well as retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and 42 U.S.C. § 1981. (Doc. No. 1). Plaintiff, an African-American female, had been employed as an accounting technician with Defendant at its Rural Development section for more than 10 years. She applied for a Pathways Recent Graduates (Accountant) position advertised under Vacancy Announcement No. STL-HR-2015-0829 ("Pathways vacancy"), but was not selected for the position.

On December 1, 2015, Plaintiff filed a formal complaint, USDA Complaint No. RD-2015-00832 ("2015 Formal Complaint"), setting forth her claim of discrimination based on race, color, age, and reprisal. (Doc. No. 12-4). The Department of Agriculture's Office of Adjudication ("OA") investigated the complaint and interviewed Plaintiff, the selection officials, and individuals within human resources. The OA issued a Final Agency Decision ("FAD") on December 10, 2017,

in which the OA determined that Plaintiff made a prima facie showing of discriminatory nonselection, but that Defendant met its burden to provide competent evidence that Plaintiff's age, race, color, and age did not motivate Defendant's hiring decision. It further found that Plaintiff failed to establish a prima facie case of reprisal because the time period between Plaintiff's EEOC activity (which occurred in 2009 and 2012), and Defendant's actions were too remote.

In her first amended complaint, filed on February 6, 2018, Plaintiff claims that she was not selected for the Pathways vacancy despite possessing the requisite qualifications due to her race and age (over 50), as well as in retaliation for her filing a prior Equal Employment Opportunity Commission ("EEOC") complaint.[1] Plaintiff further claims that Defendant provided her with false and pretextual reasons for not hiring her, and that the candidate Defendant ultimately selected was Caucasian and lacking the requirements posted for the position. She seeks a permanent injunction preventing Defendant from engaging in discriminatory employment practices; reinstatement to her position; lost wages; actual, exemplary, and punitive damages, and attorney's fees and expert witness fees.

On February 7, 2018, Defendant filed a motion to strike, requesting that the Court strike any allegations in Plaintiff's first amended complaint unrelated to Plaintiff's 2015 Formal Complaint and the resulting FAD, such as Plaintiff's allegations of "differential discipline," hostile work environment, and retaliatory conduct due to a prior 2013 formal complaint. Defendant also asks the Court to strike Plaintiff's demand for a jury trial for her allegations of age discrimination; Plaintiff's prayer for exemplary relief or punitive damages; and Plaintiff's reprisal claim brought under 42 U.S.C. § 1981, which he contends can only be brought under Title VII. (Doc. No. 18). Plaintiff argues in opposition that Defendants wish to strike relevant background and factual information,

---

[1] Plaintiff cites USDA Complaint No. RD-2013-00509 ("2013 Formal Complaint") in her first amended complaint as evidence of ongoing discriminatory and retaliatory conduct. The 2015 Formal Complaint cites two other EEOC complaints being filed in 2009 and 2012. It is unclear whether the 2012 complaint is the same as USDA Complaint No. RD-2013-00509.

-2-

and that those allegations do not exceed the scope of her 2015 Formal Complaint.

On February 21, 2018, Defendant filed an answer to Plaintiff's FAC. (Doc. No. 19).

## DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter." Because they propose a drastic remedy, motions to strike are not favored and are infrequently granted. *Stanbury Law Firm, P.A. v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000). Here, Defendant filed this motion to strike on February 7, 2018, and then filed an answer on February 21, 2018. Defendant seeks to use a motion to strike, rather than a motion to dismiss, as a mechanism to attack portions of the amended compliant he believes have no basis in law. However, a motion to strike is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint. Charles Alan Wright, et. al, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.). Thus, the Court, in its broad discretion, will deny Defendant's motion to strike because it is an extreme measure that is viewed with disfavor and infrequently granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to strike (Doc. No. 18) is **DENIED**.

Dated this 3rd day of April, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE