IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALICE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17-cv-01531-JAR |
| ) | |
| SONNY PERDUE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

This matter comes before the Court on Defendant Sonny Perdue's motion to compel. (Doc. No. 33). Plaintiff, who is proceeding pro se, did not respond to the motion, and the time to do so has passed. Upon due consideration, the Court will deny Defendant's motion to compel.

This is an action for employment discrimination on the basis of age and race, as well as retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and 42 U.S.C. § 1981, resulting from Plaintiff's non-selection for a position for which she applied and interviewed. As a result of her non-selection, Plaintiff alleges she suffered pain, emotional distress, and loss of enjoyment of life.

On May 23, 2018, the parties appeared for a hearing before the Court on Plaintiff's motion to compel and motion for protective order. At that time, counsel for Defendant advised the Court that Plaintiff had testified at her deposition that she suffered from approximately 24 mental and physical ailments that resulted from her stress, mental anguish, or emotional distress. Counsel for Defendant argued that these ailments constituted more than

"garden variety" emotional distress,[1] entitling Defendant to medical authorizations regarding those ailments. The Court discussed with Plaintiff the implication of seeking damages for something more than garden variety emotional distress and directed Plaintiff to submit a list of all injuries, identified with particularity that she alleges resulted from her non-selection. (Doc. No. 28).

On June 1, 2018, Plaintiff submitted the following list of injuries: emotional distress; mental anguish; acid reflux associated with emotional distress and mental anguish; and loss of enjoyment of life. Defendant filed this motion to compel, arguing that the list was not properly limited. The Court disagrees.

Here, it is clear that in addition to garden variety emotional distress, Plaintiff is seeking damages for only one physical ailment, acid reflux. Her claims for the other injuries described in her deposition are thus deemed abandoned.[2] Because Plaintiff has substantially complied with the Court's Order, Defendant's motion to compel will be denied. However, Plaintiff may not seek damages for those other ailments, and the Court will not allow her to amend her complaint on the eve of trial to seek damages for those other ailments.

Accordingly,

---

[1] The phrase "garden variety emotional distress" is used to describe "ordinary and commonplace emotional distress" that is "simple or usual," as compared to complex distress resulting in a specific psychiatric disorder. *Eggering v. MHP, Inc.*, No. 4:10CV01794 AGF, 2011 WL 6029956, at *2 (E.D. Mo. Dec. 5, 2011). Garden variety emotional distress does not put a Plaintiff's medical condition in controversy, and therefore a plaintiff does not waive the privilege to her medical records. *See Dochniak v. Dominium Mgmt. Servs.*, No. CIV. 06-237JRTFLN, 2006 WL 3156539, at *1 (D. Minn. July 26, 2006).

[2] Those injuries included headaches, blurred vision, severe periods, stomach issues other than acid reflux, heartburn, tiredness, lethargy, anger, itching, high blood pressure, sleeplessness, unexplained late night vomiting, unexplained muscle pain, sensitivity to light, sensitivity to heat, acne, and blisters on hands.

**IT IS HEREBY ORDERED** that Defendant Sonny Perdue's motion to compel (Doc. No. 33) is **DENIED**.

                                                    _/s/ John A. Ross_
                                                    JOHN A. ROSS
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of July, 2018.